**MAGISTRATE'S CRIMINAL MINUTES**

**ARRAIGNMENT**
    **PLEA AND**
        **SENTENCE**

|  |  |  |  | Time in Court: |  | Hrs | 21 | Min |
|---|---|---|---|---|---|---|---|---|
| Filed in Open Court: | Date: | 2/28/2022 | Time: | 3:04 pm | Tape: | FTR |  |  |

Magistrate (presiding): **REGINA D. CANNON**        Deputy Clerk: **Phyllis Brannon**

| Case Number: | 1:21-cr-231-TCB-CMS | Defendant's Name: | James Sinnott |
|---|---|---|---|
| AUSA: | Chris Huber | Defendant's Attorney: | Jamila M. Hall |
| USPO/PTR: | Johnny Alexander | Type Counsel: (X) Retained  ( ) CJA  ( ) FDP  ( ) Waived | |

|   | ARREST DATE: | |
|---|---|---|
|   | INTERPRETER: | |
| X | INITIAL APPEARANCE HEARING.  (X) In THIS DISTRICT | Dft in custody?  (X) Yes       ( ) No |
| X | Defendant advised of right to counsel.   ( ) WAIVER OF COUNSEL filed. | |
|   | ORDER appointing Federal Defender Program as counsel.  ( ) INITIAL APPEARANCE ONLY. | |
|   | ORDER appointing _____ as counsel. | |
|   | ORDER giving defendant _____ days to employ counsel (cc: served by Mag CRD) | |
|   | Dft to pay attorney fees as follows: | |
|   | INFORMATION/INDICTMENT filed. | WAIVER OF INDICTMENT filed. |
| X | Copy information/indictment given to dft? (X) Yes ( ) No - Read to dft? ( ) Yes ( ) No (X) Waived formal reading | |
|   | CONSENT TO TRIAL BEFORE MAGISTRATE (Misd / Petty) offense filed. | |
| X | ARRAIGNMENT HELD.  (X) Superseding indictment | ( ) Dft's WAIVER of appearance filed. |
|   | Arraignment continued to _____ at _____ | Request of ( ) Govt ( ) Dft |
|   | Dft failed to appear for arraignment. | Bench warrant issued |
| X | Dft enters PLEA OF NOT GUILTY.  ( ) Dft stood mute; plea of NOT GUILTY entered. ( ) Waiver of appearance. | |
|   | MOTION TO CHANGE PLEA, and order allowing same. | |
| X | ASSIGNED to District | Judge TCB | for (X) trial  ( ) arraignment/sentence. |
| X | ASSIGNED to Magistrate | Judge CMS | for pretrial proceedings. |
| X | Estimated trial time: _____ days. | ( ) SHORT  ( ) MEDIUM  (X) LONG |
|   | PRE-SENTENCE INVESTIGATION filed.  Referred to USPO for PSI and continued | |
|   | until _____ at _____ for sentencing. | |
|   | Government MOTION FOR DETENTION filed.  Hearing set for _____ at _____ | |
|   | Temporary commitment issued.    Dft remanded to custody of US Marshals Service. | |

**BOND/PRETRIAL DETENTION HEARING**

|   |   |   |
|---|---|---|
|   | DETENTION/BOND hearing held. |   |
|   | Government MOTION FOR DETENTION  ( ) GRANTED    ( ) DENIED    ( ) WITHDRAWN |   |
|   | Defendant does not contest detention at this time. |   |
|   | WRITTEN ORDER TO FOLLOW. |   |
|   | Defendant's Motion for Bond Reconsideration [Doc. ] is DENIED. |   |
|   | WRITTEN ORDER TO FOLLOW. |   |
| X | BOND SET at   $20,000.00 |   |
| X | Non-surety |   |
|   | Surety  ( ) Cash  ( ) Property  ( ) Corporate surety ONLY |   |
|   | SPECIAL CONDITIONS: |   |
|   |   |   |
|   | Defendant to remain on pretrial release under the terms and conditions set forth in the U.S. District Court for the District of |   |
| X | Bond filed. Defendant released. |   |
|   | Defendant released on CONDITIONS ONLY. |   |
|   | Bond NOT EXECUTED.    Defendant to remain in Marshal's custody. |   |

|   |   |
|---|---|
| X | **DEFENDANT HAS BEEN ADVISED:**<br><br>Pursuant to the Due Process Protections Act, see Fed. R. Crim. P. 5(f), the government is ordered to adhere to the disclosure obligations set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and to provide all materials and information that are arguably favorable to the defendant in compliance with its obligations under *Brady*; *Giglio v. United States*, 405 U.S. 150 (1972); and their progeny. Exculpatory material as defined in *Brady*; and *Kyle v. Whitley*, 514 U.S. 419, 434 (1995), shall be provided sufficiently in advance of trial to allow a defendant to use it effectively, and exculpatory information is not limited to information that would constitute admissible evidence. The failure of the government to comply with its *Brady* obligations in a timely manner may result in serious consequences, including, but not limited to, the suppression or exclusion of evidence, the dismissal of some or all counts, adverse jury instructions, contempt proceedings, or other remedies that are just under the circumstances. |

|   |   |
|---|---|
| **WITNESSES:** |   |
|   |   |
|   |   |
|   |   |