IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL ACTION NO. |
| JAMES SINNOTT, | 1:21-cr-231-TCB-CMS |
| Defendant. | |

# **O R D E R**

On December 12, 2019, federal law enforcement agents sought and obtained a search warrant In the Matter of the Search of Inland Capital Management, LLC, case number 1:19-MC-1950 (the "Warrant"). [Doc. 122-1]. The Warrant authorized the agents to search Inland Capital Management, LLC ("Inland Capital"), located at 11675 Rainwater Drive, Suite 220, Alpharetta, Georgia 30009. [*Id.*]. The Warrant also authorized the seizure from Inland Capital of, among other things, tax documents, correspondence, financial records, and Inland Capital's business records relating to alleged violations of the Internal Revenue laws. [Doc. 122-1, Attachment B].

Defendant James Sinnott filed a motion to suppress some of the evidence obtained pursuant to the Warrant, challenging the Government's authority to search

certain offices that were located within Suite 220, which he claims were not part of Inland Capital. [Doc. 122 at 3]. According to Sinnott, these offices comprised his separate law firm, Sinnott and Company, and he argues that Government agents exceeded the scope of the Warrant when they searched the law offices and seized items from those offices (the "Seized Materials"[1]). [Doc. 122 at 3–7]. The Government filed a response [Doc. 216], and Sinnott filed a reply [Doc. 255].

On October 5, 2022, I held oral argument on the motion to suppress. [Doc. 301]. Based on the briefing and oral argument, including proffers made by both parties during the argument, I provided the Government the option of returning the Seized Materials along with a declaration and an agreement not to use the Seized Materials at trial. [*Id.*]. Defense counsel agreed that if the Government would return the Seized Materials, the motion to suppress would be moot. [*Id.*]. The following day, the Government accepted my offer and requested thirty days to complete the tasks.

---

[1] The Government has advised me that there is no dispute as to which documents and information make up the Seized Materials. [Doc. 303-1 at 2 (listing out by evidence box number and control number all the items to be returned)].

In light of (1) the parties' agreement that the Seized Materials will be returned; and (2) the Government's request for thirty days to accomplish this task, I find that the following schedule is appropriate to give effect to this arrangement.

It is hereny **ORDERED** that on or before Monday, November 7, 2022, the Government shall:

(1)   Return the Seized Materials to counsel for Defendant Sinnott[2];

(2)   Provide a declaration to counsel for Defendant Sinnott:

   (a) listing the names and titles of the Government attorneys, staff, and law enforcement agents who viewed any of the documents or information from the Seized Materials; and

   (b) affirming that:

   (i)   no member of the prosecution team viewed the documents or information contained within the Seized Materials;

   (ii)  that the Government will in no way use or rely on the information included in or derived from the Seized Materials in its prosecution of this case; and

   (iii) that the Government has deleted or destroyed any electronic copies of any Seized Materials within its possession, custody, or control; and

---

[2] To the extent that any of the information should instead be returned to one or more of the individual attorneys who had a presence in those offices, I have confidence that Mr. Sinnott's lawyers can make the necessary appropriate arrangements. If there is any question about how (or to whom) the handoff from the Government should occur, the parties may request a conference with me, and I will sort it out.

(3)     File a notice of compliance with this Order.

No later than seven days from the date the Government files its notice of compliance, Mr. Sinnott shall file a notice to the Court confirming the Government's compliance with this Court's order and informing the Court whether Defendant Sinnott's Motion to Suppress [Doc. 122] may be denied as moot.

For the reasons stated above, the Motion to Suppress [Doc. 122] is TAKEN UNDER ADVISEMENT.

This 13th day of October, 2022.

_____
Catherine M. Salinas
United States Magistrate Judge